## Commonwealth v. Carmack

*LeRoy S. Maxwell,* district attorney, for Commonwealth.

*Benjamin L. Heefner,* for defendant.

DAVISON, P. J., November 18, 1944.—On September 6, 1944, defendant was arrested in the Borough of Mercersburg, brought before a magistrate of that borough

and waived a hearing before the magistrate and gave the required bond for appearance for trial before the judge of this court, and the information was duly returned by said magistrate to said court in accordance with The Vehicle Code of this State.

Defendant was charged in said information with violation of article X, sec. 1006, of The Vehicle Code of May 1, 1929, P. L. 905, as amended, the specific charge being that he did "unlawfully fail to yield one half of the right of way to the oncoming automobile of Jackson P. Dallam, of Berea, Ohio".

M. A. Lynch, a policeman of said Borough of Mercersburg, was called to the scene of the accident, arriving there from 15 to 30 minutes after the collision had taken place, but while both of the parties and the vehicles involved were yet there. After some examination he told both parties to accompany him to the magistrate's office, which they did, and there an information was made by Officer Lynch against defendant, a warrant was issued, read to him, and he was placed under arrest and waived a hearing before the magistrate.

A hearing de novo was held by this court, and before evidence was taken a motion to quash the proceedings was filed by defendant. This motion was overruled for the time being with permission for it to be argued before the court after the evidence was taken. After the evidence had been taken and written out the matter was argued before the court by counsel for defendant and by the district attorney. This motion raises several very interesting questions for our determination.

1. Did defendant bar his right to raise the questions he raises herein before this court by his waiver of a hearing before the magistrate and the filing of bond for hearing before this court?

2. Was he arrested on view by the officer and if so, was the procedure against him properly conducted?

3. Was it necessary for the magistrate under the circumstances of this case to send a notice in writing

by registered mail within seven days after information to defendant together with a notice to appear within 10 days?

4. Was the evidence sufficient to warrant a conviction?

As to the first question:

The Vehicle Code of May 1, 1929, P. L. 905, art. XII, sec. 1204, as amended, is as follows:

"(a) Any person convicted in any summary proceeding under this act, shall have the right of appeal as in other cases of summary conviction.

"(b) Any person charged with violating any of the summary provisions of this act, other than felonies and misdemeanors, may waive summary hearing, and give bond in a sum equal to double the amount of the fine and costs that might be imposed, for appearance for trial before a judge of the court of quarter sessions, or in the county court, or in the municipal court, in counties wherein such court exists, and thereupon the magistrate shall, within fifteen (15) days, return the information to the said court."

In Commonwealth v. Myers, 40 Dauph. 215, Judge Hargest, at page 219, sets forth comprehensively the purposes and results of this section of said act as follows:

"After carefully considering these cases and the phraseology of the act we are of opinion that the act clearly provides for bringing a summary proceeding before the quarter sessions in two ways: (1), by an appeal under paragraph (a), after hearing and judgment, in which proceeding the case shall be heard de novo on the merits and the preliminary proceedings cannot be attacked. (2), under paragraph (b), where the person charged has a right to waive a hearing and give bond for trial before the court of quarter sessions. Whereupon 'the magistrate shall, within fifteen (15) days, return the information to the said court'. What is the purpose of paragraph (b)? If when the case

came into the quarter sessions it could only be heard on its merits, that relief is fully afforded by paragraph (a). The legislature must have intended some further relief. It appears to be as stated in Commonwealth vs. Milliren, 10 D. & C. 393, 'to give the defendant the election of his trier'. Under (a) he may have two chances of trial on the merits if an appeal is allowed. So unless he can raise questions of jurisdiction under (b) it is of little or no use. Moreover under (b) the magistrate must send up the record. Why? The record is no use to the quarter sessions, if the latter court can only hear the merits. In our opinion the proceeding under (b) is not an appeal but is intended to remove the whole case. It is not intended to preclude the defendant from raising questions of jurisdiction in the quarter sessions, and in the event of failure to sustain them, go to trial on the merits."

In Commonwealth v. Crider, no. 32, April sessions, 1941, of this court, we said:

". . . that the question of jurisdiction is properly raised in the manner resorted to in the instant case is not open to dispute. Having waived the hearing before the magistrate and entered bail for hearing before this court the case is before us de novo and any questions of jurisdiction which might have been raised before the magistrate can be properly raised at the hearing before the court."

In Commonwealth v. Bennett, 32 D. & C. 542, President Judge Sheely, in a well-considered and persuasive decision, held (p. 543):

"The motion to quash is based upon failure of the record to show that the justice of the peace sent by registered mail to defendant a notice in writing of the filing of the information, etc., as required by section 1202 of The Vehicle Code of May 1, 1929, P. L. 905, and upon the alleged insufficiency of the information filed. Defendant waived a summary hearing before the justice of the peace and entered bail for court under

the provisions of section 1204 of The Vehicle Code, supra. The right of defendant to question the regularity of the proceedings and the jurisdiction of the justice of the peace under these circumstances is established in Commonwealth v. Myers, 22 D. & C. 586 (1935), and Commonwealth v. Harned, 25 D. & C. 578 (1936)."

In Commonwealth v. Bedding, 38 D. & C. 103, the court said (p. 105) :

"Since defendant waived a hearing before a justice of the peace and gave cash bail for his appearance at court, we believe he can question the regularity of the proceedings as well as the jurisdiction of the justice of the peace."

It is the law, and not disputed, that upon a waiver of hearing before a justice of the peace and the entry of bond for a hearing before the court the hearing in that court is de novo. Defendant had the right to select the forum in which he was to be tried, and having complied with the requirements of the law in selecting this court he is entitled to proceed in it in the new and raise such questions as herein raised and have them passed on by this court. We find that his waiver of a hearing before the justice of the peace did not deprive him of his right to be heard fully before this court.

As to the second question raised, we cannot find from the evidence that it is supported by the facts as shown by the evidence. There was no arrest on view in this case. Under certain circumstances an officer when in uniform and displaying a badge or other sign of authority may arrest upon view as provided in The Vehicle Code, and in 1 Sadler's Criminal Procedure in Pennsylvania 92, sec. 88(b), that learned author said:

"In misdemeanors, the officer is also justified in arresting without warrant, when the offense is committed within his view, either at the time of its commission or immediately thereafter, or in fresh pursuit of the offender."

In the instant case the officer, Lynch, did not see the occurrence but, being summoned, appeared on the scene from 15 to 30 minutes after the collision. After making some examination at the scene he said, according to the testimony of defendant, to both of the men involved in the collision, "I will take you down to the magistrate's", and both of them accompanied him voluntarily, and it was only after they were at the magistrate's office that any arrest or attempt at arrest was made. The evidence shows no arrest at the scene and no arrest until after an information had been made and a warrant issued. For this reason the question of an arrest on view is not before us. When the officer said to the two men that he would take them down to the magistrate's either or both of them could have refused to go with the officer, and then if he had arrested them it would have been an attempt to arrest on view, but they chose to go with him and the arrest was made subsequently on information and warrant and not on view. It is evident that at the scene of the collision the officer was uncertain if he should hold both of the men responsible or, if only one, which one, so he had them both accompany him to the office of the magistrate and there he decided that the present defendant was the one in fault and arrested him.

The Vehicle Code of 1929, as amended in section 1202, by the Act of June 29, 1937, P. L. 2329, provides as follows:

"(a) Summary proceedings under this act may be commenced by the filing of information, which information must be filed in the name of the Commonwealth; and, within the period of seven (7) days after information has been lodged, the magistrate shall send by registered mail, to the person charged, at the address shown by the records of the department, a notice in writing of the filing of the information, together with a copy thereof and a notice to appear within ten (10) days of the date of the written notice.

"1. If the person named in the information shall not voluntarily appear within ten (10) days of the date of the written notice, a warrant shall then issue and may be served by a peace officer having authority to serve warrants in the county in which the alleged violation has been committed.

"If the person charged cannot be served within such county, then the magistrate shall deputize a peace officer, having authority to serve warrants in the county wherein the person charged resides, or may be found, to serve such warrant."

This section has been construed many times by the courts of this State and it has been held practically unanimously that its directions must be strictly complied with or the defendant discharged, but in all those cases, so far as counsel could find and insofar as we could find in our independent search, defendant was a resident of Pennsylvania. Defendant in the instant case is a nonresident of Pennsylvania, being a resident of Hagerstown, Md. Does this make a difference in the required proceedings? We think that it does. It will be noted that the notice required by the act of assembly is to be "a notice in writing of the filing of the information, together with a copy thereof and a notice to appear within ten days of the date of the written notice", and to whom is this notice to be given? To the person charged, *"at the address shown by the records of the department"*; and what is that department? As defined in section 102 of the code it is "Department—The Department of Revenue of this Commonwealth". So we find the notice required to be given is to be given to those whose address is shown by the records of that department, and that would include only those who had secured their license in this State. It has been held that this sending of the required notice must be in accordance with said act to that registered address. But a nonresident has no such address and, it follows, no such notice can be given to him as required by said

act. The law does not require the doing of an impossible act and, therefore, it does not require the proceedings before a magistrate on such summary proceedings against a nonresident, not registered with that department, to be in accordance with that act, but in such a case the procedure is the same as in other summary proceedings before a magistrate, by an information and a warrant without any required delay, as was done in this case. The proceedings provided for in said act clearly contemplate a proceeding against one within the jurisdiction of this State. In the first place it is directed against one registered in the department; in the second place it directs him to appear within 10 days of the date of the notice, and if he does not so appear then a warrant shall issue which may be served by a peace officer having authority to serve warrants in the county in which the alleged violation has been committed; then if the person charged cannot be served within such county the magistrate shall deputize a peace officer having authority to serve warrants in the county wherein the person charged resides, or may be found, to serve such warrant, and then the officer shall take the defendant before a magistrate within the municipality in which the defendant is found.

All these provisions apply to a resident defendant, but cannot apply to a nonresident defendant: there is no registered address to which the notice is to be sent; if the defendant does not appear, the warrant to issue to be served by an officer having authority in the county of the offense, who certainly could not serve it in another State; then if it cannot be served in that county, an officer to be deputized to serve the warrant in the county in which the defendant resides or may be found, which could not contemplate another State. The whole scheme of procedure contemplates and provides for the case where the offender is a resident and cannot apply where he is a nonresident. If this procedure were to be followed in case of a nonresident of-

fender, no notice as required could be sent to him within seven days to his registered address, as he had none, and no warrant could issue after 10 days from a notice as none could have been sent, and the whole proceeding is at an end and the nonresident cannot be punished as could a resident. Our law certainly does not intend to provide a procedure for punishment of residents and no procedure for punishment of nonresidents for the same offense, and we will hold that steps taken in the instant case are the proper ones and that defendant is properly before us.

This brings us to a consideration of the evidence, that is, is it sufficient to meet the burden resting on the Commonwealth? We are of the opinion that it is. The only persons who saw the collision and testified as to it were Mr. Jackson P. Dallam and his wife, the occupants of the automobile, and O. G. Carmack and Melvin McNamee, who were in the truck. Their testimony is absolutely contradictory of each other, the car occupants placing their car on its proper side of the road and the occupants of the truck testifying that it was on its proper side. Both cannot be correct, so we must look to the other evidence in the case. Mr. Lynch testified that he saw the tracks of the machines after the collision and he places the car of Mr. Dallam on his proper side of the highway. Mr. Charles Smith, a totally disinterested witness, a citizen of Mercersburg living near the scene and one who knew neither of the parties so far as the evidence shows, testified that when he arrived on the scene soon after the happening he could see the car tracks of both the automobile and the truck, and that the automobile was on its proper side of the road, its right side, and the truck on its wrong side, its left side. We found Mr. Smith's evidence clear and satisfactory and we find that defendant was operating his truck that day on said highway in such a manner as to unlawfully fail to yield one half of the right of way, contrary to article X, sec. 1006, of The

514

Vehicle Code of May 1, 1929, P. L. 905, as amended.

Now, November 18, 1944, hearing held de novo and evidence taken and from such evidence the court finds defendant, O. G. Carmack, guilty of failing to yield one half of the main traveled portion of the highway, contrary to section 1006 of The Vehicle Code of May 1, 1929, P. L. 905, as amended, and orders him to appear in this court for sentence on November 25, 1944, at nine o'clock a. m.